UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE A. ROATH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06CV423(AGF) |
| | ) | |
| FRANK A. JUNG, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Bruce A. Roath (registration no. 186796), a prisoner at the Crossroads Correctional Center (CCC), for leave to commence this action without prepayment of the required filing fee [Doc. #1]. Also before the Court is applicant's motion to be released on signature or recognizance bond [Doc. #4]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.65. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount

of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $8.27, and an average monthly account balance of $1.20. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.65, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks to set aside a judgment entered by the United States District Court, Western District of Missouri, denying plaintiff's application for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Plaintiff alleges that the Western District's order was procured through fraud. Plaintiff now asks this Court to vacate the judgment of the Western District of Missouri and to order plaintiff's immediate release.

**Discussion**

The instant action is virtually identical to one previously filed by plaintiff in <u>Roath v. State of Missouri</u>, No. 4:04CV48(TCM) (E.D. Mo.). The undersigned dismissed the prior case pursuant to 28 U.S.C. § 1915(e)(2)(B). While the prior dismissal was without prejudice to the filing of a fee paid action, the prior dismissal does have a res judicata effect on whether the instant action is also frivolous under § 1915(e)(2)(B). <u>Denton</u>, 504 U.S. at 34. That is, having previously determined that the same action was frivolous in <u>Roath v. State of Missouri</u>, No. 4:04CV48(TCM) (E.D. Mo.), the question of whether the instant action is also frivolous is already determined and, therefore, the instant action must be dismissed.

Even if not barred by res judicata, the instant action should still be dismissed. This Court does not have jurisdiction

to vacate the judgment of the Western District of Missouri. To the extent that plaintiff believes that the Western District erred in denying his writ of habeas corpus, plaintiff's remedy was to seek appellate review by the Eighth Circuit Court of Appeals. Consequently, the instant action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.65 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to be released on a signature or recognizance bond [Doc. #4] is **DENIED.**

An appropriate order shall accompany this order and memorandum.

Dated this 26th day of May, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE